19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick G. LAND, Plaintiff-Appellant,
v.
Frankie Sue DEL PAPA, et al., Defendants-Appellees.
 No. 93-16489.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 24, 1994.*
Decided March 3, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick G. Land, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). We affirm.
 
 
 3
 Land sued two Nevada state prosecutors for filing a response to his state petition for habeas corpus. Land alleges that this act was unconstitutional. However, prosecutors are entitled to absolute immunity for "quasi-judicial activities taken within the scope of their authority." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir.1984). Because filing an opposition to a petition for habeas corpus clearly falls within the prosecutor's role as a judicial officer, the district court properly dismissed the complaint as to these two defendants. See Ashelman, 793 F.2d at 1078; Ybarra, 723 F.2d at 678.
 
 
 4
 Land also named the Attorney General of the state of Nevada as a defendant, arguing that she is responsible for training the judicial officers of Nevada. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). A supervisor can be held liable for the constitutional violations of her subordinates only if the supervisor participated in or directed the violations. Id.; Ybarra, 723 F.2d at 680. Here, Land has alleged no facts tending to show that defendant Del Papa was personally involved in his incarceration. Accordingly, his claim against her was properly dismissed. See Taylor, 880 F.2d at 1045; Ybarra, 723 F.2d at 680.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his opening brief to this Court, Land raises a number of arguments that were not made in his complaint. We decline to address these additional claims. Cf. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989) (review of dismissal for failure to state a claim is limited to the contents of the complaint)